UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JAMES PHILOGENE-BEY,

                      Plaintiff,                                            MEMORANDUM
                                                                                       AND ORDER

     -against-

                                                                                     17-cv-1486 (ENV)(RLM)

NEW YORK CITY POLICE COMMISSIONER
JAMES P. O'NEILL, et al.,

                      Defendants.
------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       Currently pending before this Court, in a section 1983 action brought by *pro se* plaintiff James Philogene-Bey ("plaintiff"), is (1) a motion filed by the City of New York and various individual municipal defendants (collectively, "defendants") to stay the action because Police Officer Roman Rushtlion ("Rushtlion" or "Officer Rushtlion"), a defendant who has not yet appeared in the action, is currently on extended military leave, serving a tour of duty in the United States Armed Forces, see Motion to Stay (Aug. 15, 2017) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #26; and (2) plaintiff's request for a certificate of default against defendants "New York City Police Commissioner James P. O'Neil et[ ] al[.]," see Request for Certificate of Default (docketed Aug. 24, 2017) ("Pl. Default Request"), DE #28. Plaintiff, whom defense counsel failed to consult before filing defendants' motion to stay,[1] opposes that motion. See [Sealed] Letter dated 8/21/17, DE #27. For the reasons that follow, defendants' motion is denied; defendants other than Officer Rushtlion are directed to respond to the complaint by September 22, 2017; if already properly served, Officer Rushtlion

---

[1] Defense counsel seeks to justify this omission by stating that he was "unable to reach plaintiff," "as he did not provide a telephone number . . . ." Def. Motion at 1. Defendants' excuse is unavailing, as defense counsel has access to plaintiff's mailing address and thus has a means of communicating with him.

is directed to respond to the complaint by October 27, 2017; and plaintiff's request for certificates of default is denied without prejudice.

## DISCUSSION

I. Defendants' Motion for a Stay

In moving to stay this entire action, defendants rely upon and quote 50 U.S.C. app. § 521. See Def. Motion at 1 & n.1. However, the statutory provision on which their motion is predicated was amended in 2003, and is now codified at 50 U.S.C. § 3932 (titled "Stay of proceedings when servicemember has notice"). The applicable statutory section now provides that, "[a]t any stage before final judgment in a civil action or proceeding in which a service- member . . . is a party, the court may on its own motion and shall, upon application by the service- member, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met." 50 U.S.C. § 3932(b)(1).[2] Paragraph (2) in turn provides that "[a]n application for a stay under paragraph (1) shall include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter."

50 U.S.C. § 3932(b)(2).

---

[2] A separate statutory section, 50 U.S.C. § 3931, is titled "Protection of servicemembers against default judgments." However, defendants moved for a stay before plaintiff filed his pending motion for entry of default.

Defendants' motion for a stay fails to meet the statutory prerequisites embodied in section 3932(b)(2).³ As an initial matter, the motion is unsupported by the requisite "letter or other communication from the servicemember's commanding officer stating that [Officer Rushtlion's] current military duty prevents [his] appearance and that military leave is not authorized for the servicemember . . . ." 50 U.S.C. § 3932(b)(2)(B).⁴ Even if the Court were inclined to overlook that deficiency, counsel's letter fails to proffer any "facts stating the manner in which [Rushtlion's] current military duty requirements materially affect [his] ability to appear . . . ." 50 U.S.C. § 3932(b)(2)(A). The motion does not identify where Officer Rushtlion is stationed or whether he is accessible by email or telephone. Moreover, even assuming that he has "vital information" regarding the events surrounding plaintiff's encounter with the police, see Def. Motion at 2, his brief absence from the district – wherever he may be – does not deprive the City of the ability to "offer a version of the events in question [or] prepare a defense responsive to the claims asserted by plaintiff." Def. Motion at 2. The City's argument to the contrary ignores the arrest reports and other documentary evidence in its possession, as well as other portions of plaintiff's pleading which identify by name two other law enforcement officers – Sergeants Olsen and Sandoval – who are alleged to have participated with Officer Rushtlion in the stop, arrest, search and alleged use of force that are the subject of this lawsuit. See Complaint (Mar. 16, 2017) ¶¶ 34-42, DE #1. Particularly

---

³ In addition, the motion was not made by the servicemember but rather by his employer, which lacks standing to invoke the protections afforded by section 3932. See Keefe v. Spangenberg, 533 F.Supp, 49, 49 (W.D. Okla. 1981) ("defendant City of Oklahoma City has no standing to invoke the provisions of the Act").

⁴ Attached to the motion to stay is a letter from a lieutenant at the New York City Police Department ("NYPD") stating that Officer Rushtlion is on a military leave of absence, with a tentative military discharge date of September 30, 2017. See Def. Motion, Ex. A, DE #26-1. That letter is not from Rushtlion's commanding officer in the military, nor does it contain the information mandated by paragraph (2) of the statute.

in light of the fact that Officer Rushtlion's tentative military discharge date is only one month away, no reason appears why the entire case must be stayed until his return to the NYPD.

Contrary to the implications of defendants' application, "a stay is not mandated simply because the moving party is in the military service."[5] Hackman v. Postel, 675 F.Supp. 1132, 1133 (N.D. Ill. 1988); see Branch v. Stukes, No. 01 CIV 520 (RMB)(HBP), 2001 WL 1550903, at *1 (S.D.N.Y. Dec. 5, 2001) ("a stay. . . is not appropriate upon a 'mere showing that the defendant [is outside the jurisdiction] in the military service'" (quoting, with alteration, Boone v. Lightner, 319 U.S. 561, 568 (1943))); Keefe, 533 F.Supp. at 50 (the Act "does not provide an automatic stay in every case"). Simply put, "a stay of proceedings under the Act is not a matter of absolute right, but is instead left to a judicial evaluation of whether the defense would be materially affected by [the servicemember's] absence." Forcier v. U. S. E.P.A., NO. 301CV1463M., 2002 WL 368525, at *1 (N.D. Tex. Mar. 5, 2002). This is a "discretionary determination," see Bown v. Hammerskin Nation, No. ED CV 00-163 (RT) (JWJx), 2001 WL 36097484, at *2 (C.D. Cal. May 24, 2001); see Hackman 675 F.Supp. at 1133, with the court retaining "flexibility," Forcier, 2002 WL 368525, at *1, to consider "'all the circumstances of the case[,]'" Comer v. City of Palm Bay, Fla., 265 F.3d 1186, 1191 (11th Cir. 2001) (quoting Tabor v. Miller, 389 F.2d 645, 647 (3d Cir. 1968)).

This case remains at the early pretrial stage, with answers not yet filed and depositions and trial a long way off. The motion for a stay reflects that Officer Rushtlion is expected to receive his military discharge on September 30, 2017, and to return to the NYPD by December 29, 2017, see Def. Motion, Ex. A, but the application is silent as to his availability

---

[5] Again, here it is not even the servicemember who is moving for the stay.

in the interim. Where, as here, the application for a stay lacks any evidence that the servicemember will be unable to maintain contact with counsel while on leave, or that his rights would be materially affected by virtue of his military service, "[c]ourts have summarily denied requests for a stay . . . ." Antioch Co. v. Scrapbook Borders, Inc., 210 F.R.D 645, 649 (D. Minn. 2002); see, e.g., Bown, 2001 WL 36097484, at *3; Branch, 2001 WL 1550902, at *1; Hackman, 675 F.Supp. at 1134. In any event, even if a stay were warranted with respect to Officer Rushtlion, such a stay would not extend to those defendants, including the City of New York, who are not covered by the Act. See Antioch Co., 210 F.R.D. at 649 n.3; Forcier, 2002 WL 368525, at *2.

For the foregoing reasons, the defense motion for a stay is denied.

II. Plaintiff's Request for Certificates of Default

Citing the fact that defendants have not answered the complaint by the August 15th deadline set by the Court, see Memorandum and Order (June 14, 2017) at 3, DE #18, plaintiff has requested the issuance of certificates of default, see Pl. Default Request. Plaintiff's application is denied. As to Officer Rushtlion, the Court has doubts that he was properly served, as he reportedly has been on military leave from the NYPD since January 4, 2016. See Def. Motion, Ex. A. As for the City of New York and the remaining defendants, they did move to stay the action – albeit unsuccessfully – by the August 15th deadline. Under the circumstances, the Court declines to authorize certificates of default.6 Instead, those defendants are directed to respond to the complaint by September 22, 2017. Assuming

---

[6] This is not the first time that plaintiff prematurely moved for default before the expiration of the deadline for defendants to respond to the complaint. See Request for Certificate of Default (June 15, 2017), DE #19; Order (June 19, 2017), DE #20.

5

*arguendo* that Officer Rushtlion was properly served, he is directed to respond by October 27, 2017.

## CONCLUSION

For the foregoing reasons, defendants' motion to stay the case is denied, as is plaintiff's request for certificates of default. All defendants who have been served are directed to respond to the complaint by September 22, 2017, except that Officer Rushtlion, if already properly served, has until October 27, 2017 to respond.

**SO ORDERED.**

**Dated: Brooklyn, New York
August 30, 2017**

/s/ *Roanne L. Mann*

**ROANNE L. MANN
CHIEF UNITED STATES MAGISTRATE JUDGE**