**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**JAMES PHILOGENE-BEY,**

                    **Plaintiff,**                                **ORDER**

                **-against-**                                **17-CV-1486 (ENV)**

**CITY OF NEW YORK, et al.,**

                    **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On December 27, 2017, following an earlier hearing, see Minute Entry (Nov. 1, 2017) ("11/1/17 Minute Entry"), DE #39, this Court granted defendants' motion to stay this action pending the resolution of parallel state court criminal proceedings against plaintiff, see Memorandum and Order (Dec. 27, 2017) ("12/27/17 M&O"), DE #44; see also Motion to Stay Pending the Resolution of Plaintiff's Resulting Active Criminal Matter (Oct. 30, 2017) ("10/30/17 Motion to Stay"), DE #37; Renewed Motion to Stay (Nov. 2, 2017), DE #40. At that time, the Court advised that "[o]nce plaintiff's criminal charges have been sufficiently disposed of, the parties may move to lift the stay and recommence the civil proceedings in this case." Id. at 2.

In defendants' October 30, 2017 motion to stay, defense counsel stated that plaintiff's criminal prosecution, relating to the March 19, 2014 arrest underlying the claims in this case, is still active because there is an outstanding bench warrant issued by the Kings County Criminal Court against plaintiff for failing to appear for a court date on September 19, 2014.

See 10/30/17 Motion to Stay at 1.[1]  Despite the passage of almost five years, defendants advise, in their most recent status report, that the "status of plaintiff's criminal prosecution remains unchanged."  Status Report (June 10, 2022) at 1, DE #83.  "That is, there is an active bench warrant for plaintiff that was issued as a result of plaintiff ceasing to appear in criminal court, and no action can be taken in the criminal case until the warrant is cleared."  Id.

Because a stay of the action is not intended to be indefinite, and the parties have provided no indication that the current impasse will be resolved, by August 15, 2022, defendants must submit a sworn statement from an assistant district attorney authorized to represent the District Attorney's Office in connection with the underlying criminal prosecution, explaining the status of the criminal case relating to plaintiff's March 19, 2014 arrest, why the 2014 bench warrant remains outstanding, and whether the District Attorney intends to continue the prosecution arising out of plaintiff's March 19, 2014 arrest.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**August 3, 2022**

/s/  *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] In opposing a stay, plaintiff had unsuccessfully argued that because he had changed his name to "James Philogene-Bey," and the accused in the criminal case is "James Philogene," there is no criminal prosecution pending against him.  See 12/27/17 M&O at 7 (citing 11/1/17 Minute Entry).